YELVERTON, Judge.
Defendant appeals from a judgment on open account in the amount of $1,967.84. We affirm.
Plaintiff, The Advertiser Division of the Independent, Inc., is in the newspaper business. Defendant, operating under the name of Southwest Mortgage, is in the mortgage loan business. Between July, 1979 and January, 1981, Southwest Mortgage ran periodic advertisements in the plaintiff’s daily newspaper. The accounts were paid with regularity through September, 1980. The amount sued for represents the charges for advertising for the four month period between October, 1980 and January, 1981.
Southwest Mortgage opened its account with The Advertiser in July, 1979. The mortgage company provided its own advertisement layout which consisted of its name, its address and phone number, and information concerning the availability of loans. After the initial contact and credit arrangements, all business between plaintiff and defendant was conducted by telephone, with someone from Southwest Mortgage simply calling the newspaper and requesting that the advertisement be run. The layout never changed during the 19 months the advertisements were run, except that during the month of July, 1980, three ads appeared which added the words “Jude Du-hon” to the normal format.
The defense at trial and the basis for this appeal is the contention that the plaintiff did not prove the defendant contracted for the advertising services rendered during the contested period. The factual basis for this defense appears to be, as testified by Southwest Mortgage’s president and major stockholder, that he suspended operation of his company’s business for a period of “three or four months” sometimes during 1980, and allowed one Jude Duhon, a broker, to take over the premises and phone number and operate Duhon’s separate brokerage business there. Defendant accordingly contends that all ads run after it suspended operations and Jude Duhon began conducting his business from the premises were not authorized by defendant and therefore were not its debt. From this position defendant further contends that even after it resumed its business operation, which we find from the evidence to have been no later than September 30, 1980, it is not liable for bills incurred after that date.
There is no legal or factual basis to support these contentions. A creditor suing on open account has the burden of proving that the defendant, alleged to be the debtor, contracted for the sales on open account. Ville Platte Concrete v. Western Casualty and Surety, 399 So.2d 1320 (La.App. 3rd Cir.1981). Plaintiff produced evidence that an open account existed for 19 months and that every ad it ran was done on the basis of a telephoned request from Southwest Mortgage. Even if plaintiff might be said to have established it was not responsible for the bills incurred during the period when its president-owner was, as he described it, “on vacation” (July, August and September) the record shows the bills for those months are not at issue for they have been paid, apparently by the party placing the ads. Only the ads placed after September 30, 1980, are unpaid. There is no question that the unpaid ads were run in the newspaper, nor is there any question that defendant was back in business and that Jude Duhon was no longer doing business at that address. The trial court found that these ads were run at the request of defendant pursuant to the open account contract that .continued to exist between the parties. We find no error in these conclusions.
. The judgment of the trial court is affirmed and defendant is cast for costs on appeal.
AFFIRMED.