652 So.2d 85 (1995)
VEZINA AND ASSOCIATES
v.
Larry and Ginger GOTTULA.
No. 94-CA-593.
Court of Appeal of Louisiana, Fifth Circuit.
March 1, 1995.
*87 Gary T. Breedlove, Vezina and Associates, Gretna, for plaintiffs/appellees.
Winthrop G. Gardner, New Orleans, for defendants/appellants.
Before DUFRESNE, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
Vezina and Associates, a professional Law Corporation domiciled in Louisiana, filed this suit on open account to recover fees for legal services rendered. The petition names Larry and Ginger Gottula, domiciliaries of Nevada, as defendants. The plaintiffs maintain that Larry Gottula engaged the law firm to represent his daughter, Johna Bastin, in domestic litigation occurring in northern Louisiana; and that he agreed to accept responsibility for the payment of legal fees incurred in regard to that litigation. Defendants answered the petition with a general denial and asserted certain affirmative defenses including, failure of consideration, breach of contract and malpractice.
After a trial on the merits, the trial court rendered judgment in favor of plaintiffs in the amount of $22,931.02. The judgment denied plaintiff's claim for reasonable attorney's fee for the prosecution of the suit. Defendants filed an appeal of the judgment. Plaintiff answered the appeal seeking a review of that part of the judgment which denies the request for reasonable attorney's fees.
The record shows that the plaintiff law firm represented Johna Bastin in custody litigation in northern Louisiana for about a year and a half from May, 1991 to December, 1992. The chronicle of the legal services and the fees are detailed in a multiple page document introduced into evidence by the plaintiff law firm. The document clearly shows that the client was Johna Gottula Bastin. The document also states, "Contact: Attn: Mr. Larry Gottula".
It is clear from the record that on May 9, 1991, a $10,000.00 retainer was wired from the offices of Group Entertainment, Incorporated, to Mr. Nel Vezina. Also on that day, a fax transmission of the handwritten statement, "this is to advise that Larry and Ginger Gottula will assume all financial responsibilities of this litigation" was sent to Mr. Vezina's office. It is signed "Billy Driscoll, Group Entertainment, Inc." That document was introduced into evidence by plaintiff.
From testimony given at trial it is apparent that Group Entertainment, Inc. is a Nevada Corporation capitalized by Larry Gottula and operated by Ginger Gottula. Billy Driscoll is an associate of the Gottulas.
At trial plaintiffs offered testimony from William Driscoll, an associate of the Gottulas. Mr. Driscoll testified that he conducted ongoing business dealings in Las Vegas with the Gottulas for about ten years. Those dealings ended in 1991. Mr. Driscoll further testified that Larry Gottula told him his daughter, Johna, was having legal difficulties in Shreveport, Louisiana with her exhusband over the custody of the couple's two children. After obtaining a recommendation from their attorney in Nevada, Mr. Driscoll, at Mr. Gottula's request, telephoned Mr. Nel Vezina in the New Orleans area. Mr. Driscoll ascertained that a $10,000.00 retainer was required to secure Mr. Vezina's services. He relayed that information to Mr. Gottula. According to Mr. Driscoll's testimony, Mr. Gottula also spoke to Mr. Vezina and the retainer was sent by wire transfer the same day. In connection with this testimony, the plaintiffs introduced a copy of the May 9, 1991 fax transmission previously discussed. Mr. Driscoll explained that he sent the fax on Mr. Gottula's instruction to secure the services of Mr. Vezina for the custody litigation in Louisiana. Mr. Driscoll also stated that he spoke to Mr. Vezina many times during the course of the litigation, and conveyed the information to the Gottulas.
Nel Vezina testified that Mr. Driscoll called him, on the recommendation of a Nevada attorney, concerning a serious custody matter in litigation in Louisiana. Mr. Vezina stated that he told both Mr. Driscoll and Mr. *88 Gottula that representation was contingent on an assurance by Mr. Gottula that he would accept responsibility for the bill, and receipt of an initial retainer of $10,000.00. Mr. Vezina explained that he had ascertained from speaking to Mr. Driscoll and Mr. Gottula that Ms. Bastin, the client, did not have the means to pay the legal fees.
Mr. Vezina further stated that he advised Mr. Gottula that obtaining counsel in north Louisiana would be less expensive and less time consuming. Ultimately, however, Mr. Gottula chose to retain Mr. Vezina and transferred the $10,000.00 retainer on the same day. Representation commenced and the litigation continued until December, 1992.
Mr. Vezina testified that on July 17, 1991, Mr. Gottula wrote a check to his daughter, Johna Bastin for $15,211.18 for payment of Mr. Vezina's bill. The check was endorsed over to Mr. Vezina, and that amount was subtracted from the bill.
A copy of the check, written on July 8, 1991 to Johna Bastin, drawn on a personal bank account of Larry and Ginger Gottula was introduced into evidence. Although the back of the check was not photocopied, it appears that the check was endorsed over to Mr. Vezina as partial payment of Ms. Bastin's legal fees. There is a credit equal to that amount dated July 17, 1991 which appears on Ms. Bastin's statement from Mr. Vezina. There was a further adjustment to the bill to correct a typographical error. The balance of $22,931.02 is still unpaid and is the basis of this lawsuit.
Defendant, Larry Gottula, testified that when his daughter made him aware of her legal problems in Louisiana, he sought to help her obtain counsel. He stated that Mr. Driscoll recommended Nel Vezina. He further testified that Mr. Driscoll contacted Mr. Vezina and "outlined the terms of Mr. Vezina's employment for my daughter". "The terms were $150.00 an hour and that he needed a $10,000.00 retainer." Mr. Gottula stated that there was no mention of an openended agreement for his daughter's legal fee.
Mr. Gottula explained that he told his daughter that he would agree to pay the initial $10,000.00 retainer and an additional $20,000.00. He said that he had an understanding with his daughter that he would spend nothing further on legal fees. Mr. Gottula maintains that he did not authorize Mr. Driscoll to guarantee any financial obligation to Mr. Vezina. He further stated that he knew nothing of the written promise until the filing of the lawsuit. On cross-examination Mr. Gottula admitted that he did not inform Mr. Vezina about the $30,000.00 cap on his payment of legal fees for his daughter because Mr. Vezina, "never asked".
Johna Gottula Bastin also testified for the defense. She confirmed her father's testimony that he agreed to pay up to $30,000.00 in legal fees to help her regain custody of her children. She stated that it was her father who hired Mr. Vezina on her behalf and wired the initial $10,000.00 retainer. She asserts that she was present when Mr. Driscoll tried to forge her father's signature on the financial responsibility agreement sent to Mr. Vezina. She further stated that her father subsequently gave her $15,000.00 which she paid to Mr. Vezina.
She verified her father's testimony that he had agreed to lend her $30,000.00 for payment of legal fees. She said that she spoke to Mr. Vezina on many occasions during the course of the litigation, but that the discussions pertained to the merits of the litigation and not to the financial arraignments she had made with her father.
As previously stated, the trial court found for the plaintiff law firm, assigning oral reasons for judgment, which in part state:
I view this case as one of personal guarantee. Obviously, Mr. Gottula guaranteed fees here for his daughter's custody dispute, The argument by Mr. Gottula is that he did not make an open-ended guarantee. I believe what he did was, make an agreement to guarantee that which is reasonable, that is, I believe he guaranteed a reasonable attorney's fee and I cannot say that the fees charged here today, that I see here, are unreasonable. I don't have any evidence before me which would indicate that this sum of money charged in a highly contested custody dispute is unreasonable.
*89 The trial court went on to discuss the factors to be considered in the determination of what is reasonable in an award of attorney's fees. Finding ultimately that the fee billed was reasonable under the circumstances, the trial court continued:
So what did Mr. Gottula guarantee? I believe he guaranteed a reasonable fee for his daughter and I have found that the fee is not unreasonable. He told his daughter he was putting a lid on these fees, but that was never communicated to Mr. Vezina.

ANALYSIS
For there to be an action on an open account, there must necessarily be a contract which gave rise to the debt. A creditor suing on open account must prove that the debtor contracted for the sales on open account. Advertiser Div. of the Independent, Inc. v. Southwest Mortg, and Inv., Inc., 424 So.2d 1284 (La.App. 3 Cir.1982); Blackie's Rental Tool & Supply v. Vanway, 563 So.2d 350 (La.App. 3 Cir.1990).
The defendants argue on appeal that the petition states a claim in suretyship which must fail for failure to produce a written agreement between the parties and that the trial court erred in finding a contract of suretyship existed. The plaintiff counters that the ruling is based on a finding by the trial court that the parties entered into a third party beneficiary contract, rather than suretyship, and thus, a written agreement is unnecessary.
Semantics notwithstanding, we do not believe the trial court found a contract of suretyship as defendant suggests. While it is true that the trial court used the word, "guaranteed" when finding Mr. Gottula liable, we believe in this context the trial court was using the term as a synonym for "promised". We believe the trial court found a primary third party beneficiary contract between Mr. Gottula and Mr. Vezina in which Mr. Gottula hired Mr. Vezina to represent Ms. Bastin.
A stipulation for a third party is provided for by LSA-C.C. art 1978[1], and can support a finding of an enforceable, primary obligation under Louisiana law. However, when the obligation is one of a guarantee to pay the debt of another, the obligation is collateral and must be written. Parole evidence may not be considered as proof of the existence of the promise. LSA-C.C. arts 1847, and 3038.
There is a significant legal difference between agreeing to be primarily liable for the payment of a professional fee incurred for services rendered to another, and guarantying the payment of professional fees for which a third party is liable. In the former, a contract between the professional and the obligor is perfected for the consideration of services rendered to a third party client. In the latter, the contract is between the client and the professional. Collateral to that contract is the guarantee of the surety to pay the debt should the client fail to do so.
Given the evidence adduced at trial we cannot rule that the trial court erred in finding that a valid contract existed between plaintiff law firm and Larry Gottula to provide legal services for Ms. Bastin. The petition alleges, and plaintiff testified, that Larry Gottula and Billy Driscoll initiated the contact between the parties, and negotiated the terms of the employment with Nel Vezina. It was Mr. Gottula who wired the retainer to secure the employment of Mr. Vezina. It is also undisputed that Larry Gottula gave his daughter an additional $15,211.18 to pay legal fees when presented with a bill.
There is no testimony which would suggest that Ms. Bastin employed Mr. Vezina or was primarily responsible for the bill. Her own testimony negates her liability. She stated that she did not have any contact with Mr. Vezina prior to the conversation between her father and Mr. Vezina, and was not in the office of Group Entertainment, Inc. when the negotiations for employment were underway. She subsequently received a telephone call *90 from Mr. Vezina telling her that he had been retained to represent her. When questioned about why her father had written a check to her to pay the legal bill, she explained that her duty in regard to Mr. Vezina's bill was to, "make sure that everything on Mr. Vezina's bill was correct and talked about." Once she verified the bill, she endorsed the check over to the plaintiff law firm.
There is sufficient evidence to show that an agreement existed between Larry Gottula and his daughter to limit the extent of Mr. Gottula's responsibility for legal fees to $30,000.00. However, both Larry Gottula and Johna Bastin agree that that fact was not conveyed to Mr. Vezina. Therefore, that agreement is of no effect as to Mr. Vezina.
Because we find a valid primary contract, it is unnecessary to explore the issue of whether Larry and Ginger Gottula knew of the fax transmission asserting their responsibility for payment of the fees. The intent to hire Mr. Vezina to represent Ms. Bastin has already been established by other evidence. However, we do find that the evidence only proves that intent as to Larry Gottula. There is no evidence to show that Ginger Gottula was a party to that contract, and we reverse the judgment as it pertains to her.
Suits on open accounts are governed by LSA-R.S. 9:2781 which reads in pertinent part as follows:
A. When any person fails to pay an open account within fifteen days after receipt of written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Evidence of receipt of written demand by the spouse of the debtor, when they are living together as husband and wife, on behalf of the debtor may be introduced as evidence of written demand on the debtor.
B. If delivery of written demand on the debtor is attempted, but not accomplished because circumstances made delivery of written demand impossible, a notation, on the envelope containing the written demand, made by the person attempting delivery stating the date of the attempted delivery, the reasons why delivery could not be accomplished, along with the initials of the person attempting delivery and making said notation may be introduced as evidence of written demand on the debtor. If the judge in his discretion finds that sufficient evidence of due diligence in delivery of written demand has been made, he may make a conclusion of written demand for purposes of justice and find that there has been written demand on the debtor.
C. For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916 (FN1), "open account" includes any account for which a part or all of the balance is past due,' whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services, including, but not limited to, legal and medical services. For the purposes of this Section only, attorney fees shall be paid on open accounts owed to the state.
We find that an open account existed here and that the plaintiff met the burden of proof by introducing their detailed bill and a copy of the demand letter. Consequently we affirm the judgment as it relates to Larry Gottula. For reasons previously stated we reverse the judgment as it relates to Ginger Gottula.

ATTORNEY'S FEES
Plaintiff answered the appeal, arguing that the trial court erred in not awarding attorney's fees. Attorney fee statutes such as R.S. 9:2781 are penal in nature and must be strictly construed. Here, although the plaintiff met the procedural requirements of the statute, the trial court ruled that under the circumstances attorney's fees were not *91 warranted. We find no abuse of the trial court's vast discretion in these matters.
For the foregoing reasons the judgment of the trial court as to Larry Gottula is affirmed. The judgment of the trial court as to Ginger Gottula is reversed.
AFFIRMED IN PART; REVERSED IN PART.
NOTES
[1] A contracting party may stipulate a benefit for a third person called a third party beneficiary.

Once the third party has manifested his intention to avail himself of the benefit, the parties may not dissolve the contract by mutual consent without the beneficiary's agreement.