WALTER J. ROTHSCHILD, Judge.
 

 | gPlaintiff, Steven M. Spiegel, APLC, (Spiegel) filed this suit on open account on April 14, 2008 in First Parish Court against Richard Martinez and Katherine Martinez seeking to recover professional fees for legal services rendered to Stephanie Martinez. The petition alleged that Katherine Martinez was the mother of Stephanie Martinez and the spouse of Richard Martinez. Plaintiff further alleged that Richard and Katherine Martinez engaged plaintiff in connection with custody of Stephanie Martinez’s daughter. Plaintiff attached to the petition several invoices which were addressed to Stephanie Martinez, c/o Richard Martinez showing a balance of $4,867.97. Plaintiff prayed for judgment finding defendants to be jointly and solidarily liable for the obligation sued upon and sought an award for the principal amount due, costs and legal interest.
 

 In response to the petition, defendants filed a peremptory exception of no cause of action on the basis that plaintiff failed to produce a legally enforceable writing to support his claims of suretyship or third party beneficiary. The record in this matter fails to contain a transcript of a hearing laheld by the trial court on this exception. By judgment rendered on October 8, 2008, the trial court granted the exception without assigning reasons therefor. This appeal follows.
 

 The Louisiana Supreme Court explained the standard of review of the sustainment or denial of a peremptory exception of no cause of action in
 
 Fink v. Bryant,
 
 2001-0987, (La.11/29/01), 801 So.2d 846:
 

 The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether [the] plaintiff is afforded a remedy in law based on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection that the peti
 
 *891
 
 tion fails to state a cause of action. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. In reviewing a trial court’s ruling sustaining an exception of no cause of action, the appellate court and this Court should subject the case to de novo review because the exception raises a question of law and the trial court’s decision is based only on the sufficiency of the petition. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. (Citations omitted).
 

 Fink,
 
 801 So.2d at 348-9.
 

 Applying the above principles of law to the instant case, we conclude the trial court erred in granting the exception of no cause of action. As the exceptors, the Martinezes have the burden of showing the plaintiff has failed to state a cause of action against them. We fail to find that the Martinezes have met that burden. After a review of matter
 
 de novo,
 
 we find that on the |4face of the petition and the documentary evidence, plaintiff has stated a cause of action on open account against the Martinezes.
 

 Plaintiff filed the present suit on open account seeking to collect unpaid legal fees. Pursuant to La. R.S. 9:2781, an open account is any account for which a part or all of the balance is past due, whether it reflects one or more transactions and whether, at the time of contracting, the parties expected future transactions. Currently, the definition of open account includes legal services. La. R.S. 9:2781(D). For there to be an action on an open account, there must necessarily be a contract which gave rise to the debt.
 
 Vezina and Associates v. Gottula,
 
 94-593, p. 7 (La.App. 5 Cir. 3/1/95), 652 So.2d 85, 89.
 

 The pertinent allegations of plaintiffs petition provides as follows:
 

 4.
 

 Richard Martinez and Katherine Martinez engaged Steven M. Speigel, APLC, to represent Stephanie Martinez in connection with an action involving custody of Stephanie Martinez’s daughter, seeking injunctions and support.
 

 5.
 

 Prior to the commencement of plaintiffs representation of Stephanie Martinez, Richard Martinez, on several occasions, met with the undersigned to discuss issues relating to his step-daughter, Stephanie Martinez; thereafter Katherine Martinez and Stephanie Martinez met with the undersigned to discuss the matter.
 

 6.
 

 At the initial conference with Katherine Martinez and Stephanie Martinez, Katherine Martinez paid the initial retainer in the amount of $2,500.00 and she was informed by the undersigned that additional funds would probably be needed to complete the matter. During the meeting, Katherine Martinez wrote a personal check covering the retainer requested of $2,500.00 and she assured plaintiff that she would pay whatever it would cost to have the matter handled.
 

 Monthly invoices were sent to or delivered to Richard Martinez at his office address which, at all pertinent times, was in the same building and on the same floor as plaintiffs office.
 

 8.
 

 In response to invoices and statements showing a balance due on the account (af
 
 *892
 
 ter the initial retainer of $2,500.00 was applied to invoices), Defendants paid plaintiff an additional payment of $1500.00 in February 2005.
 

 9.
 

 The total amount billed by plaintiff on this account of $8,867.97 and that the total amount paid by defendants was $4,000.00. A copy of the invoices issued in connection with this representation is attached hereto as Exhibit “1” in globo.
 

 10.
 

 Plaintiff performed legal services on open account for Stephanie Martinez for which there remains due and owing to plaintiff the principal amount of $4,867.97. A current statement regarding the account is attached hereto as Exhibit “2”.
 

 11.
 

 Richard Martinez and Katherine Martinez sought to enter and did enter into a primary third party beneficiary contract for the benefit of Stephanie Martinez, and Stephanie Martinez availed herself of the benefit of the contract by accepting representation by plaintiff.
 

 12.
 

 Richard Martinez and Katherine Martinez agreed to be primarily liable for the payment of the fees and expenses incurred for services rendered to Stephanie Martinez by plaintiff.
 

 In their exception of no cause of action, defendants contend that plaintiff cannot maintain a cause of action against them absent an allegation that the contract was in writing. Defendants contend that the contract is in the form of a suretyship or a third party beneficiary agreement, both of which are required to be in writing. We disagree.
 

 1 fiBased on the allegations of plaintiff’s petition, we fail to find that the contract between the parties in this action must be construed as a suretyship. Suretyship is an accessory contract by which a person binds himself to a creditor to fulfill the obligation of another upon the failure of the later to do so. La. C.C. art. 3035. According to the allegations of plaintiff’s petition, the representation agreement was entered into by plaintiff directly with defendants, Richard Martinez and Katherine Martinez. Although the representation was for the benefit Katherine’s daughter, Stephanie, the petition alleges that Katherine Martinez paid the initial retainer and subsequent invoices were sent to Richard Martinez. There are no allegations in the petition which necessarily support a finding of a suretyship agreement or that Richard or Katherine Martinez retained plaintiff as guarantors upon the failure of Stephanie to meet this obligation. To the extent the trial court determined otherwise, we find this to be error.
 

 A review of the allegations of the petition indicates that plaintiff alleges the parties entered into a primary third party beneficiary contract, whereby Richard and Katherine Martinez stipulated a benefit for Katherine’s daughter, Stephanie. A stipulation for a third party is provided for by La. C.C. art. 1978, and can support a finding of an enforceable, primary obligation under Louisiana law. There is no requirement that such a contract be in writing.
 
 See, Vezina and Associates v. Gottula, supra,
 
 94-593, p. 8, 652 So.2d 85, 89. Thus, as it does not appear beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief, we find the petition sufficient to state a cause of action.
 

 Accordingly, we find that the allegations of plaintiff’s petition states a valid cause of action against defendant on open account, and the trial court’s |7ruling granting defendants’ exception of no cause of action is erroneous. The judgment is therefore re
 
 *893
 
 versed, and the matter is remanded to the trial court for further proceedings consistent with this opinion. Defendants shall bear all costs of this appeal.
 

 REVERSED AND REMANDED.