WALTER J. ROTHSCHILD, Judge.
|2On March 26, 2010, Cecelia Farace Abadie filed this suit on open account for legal services and expenses against Wayne Bacino, Kay Bacino and Toni Bacino Mar-rone [1], claiming that a balance of $10,038.83 was due on the account. Defendants answered the petition with a general denial, and plaintiffs subsequent motion for summary judgment was denied. Following trial on the merits, judgment was rendered in favor of plaintiff and against defendants for the balance due as well as legal interest and attorney’s fees.
Defendants now appeal from this judgment, arguing that the trial court erred in finding a valid contract between the parties. Specifically, defendants contend that plaintiff failed to prove the existence of a third-party beneficiary contract for the provision of legal services to Toni Mar-rone. For the reasons stated herein, we affirm.
At trial, Cecelia Abadie testified that she has known the Bacinos for over 20 years. She stated she spoke to Wayne Bacino in June of 2007, when he mentioned that his daughter, Toni Marrone, was involved in a custody case and they were having problems with the attorney. Mrs. Abadie stated she agreed to speak with|sMs. Marrone if the arrangement with the attorney did not work out. In October of 2007, Toni Marrone met with Mrs. Abadie regarding the custody matter. At the time, the Baci-nos were out of town and did not attend the meeting. However, Mrs. Abadie testified that she informed Ms. Marrone of her legal fees and other costs associated with the litigation, and Ms. Marrone explained that although she was not employed, her parents would pay for the legal services. Mrs. Abadie wrote down these terms on a sheet of paper and gave it to Ms. Marrone.
Mrs. Abadie testified that the following week, on October 18, 2007, Kay Bacino called her and they discussed the meeting with Ms. Marrone and the terms of Mrs. Abadie’s representation. Mrs. Abadie explained that she was not charging a retainer, but that she would ask for regular payments to be applied to costs and legal fees. Mrs. Bacino agreed to write her a cheek, and on October 23, 2007, Mrs. Aba-die received a check dated October 18, 2007 in the amount of $1,000 written on the account of Wayne and Kay Bacino with the notation “attorney’s fees” and “loan to tom.”[2]
Mrs. Abadie testified that she worked 286.25 hours on the Marrone case which she logged into a work journal and she submitted both the journal and a time sheet into evidence. Mrs. Abadie also testified that she spoke to Wayne Bacino often about this case, and that he determined the strategy and expenditures.
Mrs. Abadie remained as counsel until February 16, 2008, when Wayne Bacino called her to say her services were no longer required. Mr. Bacino and Ms. Marrone were upset over an offer of settlement Mrs. Abadie made to opposing counsel on the previous day. Mrs. Abadie stated she prepared the file and it was picked up by Mr. Bacino and Ms. Marrone the same day. Ms. Marrone signed a Lrelease of the file at this time. Mrs. *1222 Abadie stated that the handwritten contract she discussed with Ms. Marrone in October was included in this file.
Mrs. Abadie presented evidence that she sent a detailed bill for legal services to the parties on May 19, 2009. The balance due on the account was $10,038.83. However, she did not receive payment on the account and subsequently filed the present lawsuit seeking to collect the balance.
Kay Bacino testified at trial that her husband was usually the person who handled telephone conversations with Mrs. Abadie, and that she did not speak to Mrs. Abadie about payments for legal representation. She stated she did not have an oral contract with Mrs. Abadie to represent Toni Marrone. However, she stated that she wrote checks payable to Mrs. Abadie at the direction of her husband, Wayne Bacino, and she believed that these were loans to her daughter for which she would be paid back.
Toni Marrone testified that she called Mrs. Abadie in October of 2007 because she needed an attorney to represent her at a custody hearing. She met with Mrs. Abadie, but she did not enter into either a written or oral contract at that time. Rather, she stated that Mrs. Abadie wanted to help with her case because of her friendship with her family and in order to help her one-year old child. She stated she asked her parents for a loan to help with court fees and costs. However, she admitted that she stated in an affidavit that her parents paid attorney’s fees which they negotiated with the attorney without reference to a loan. She also stated that there was no contract between her parents and Mrs. Abadie, as everything went through her.
Wayne Bacino testified that he recommended that Toni Marrone contact Cecelia Abadie to assist her with a custody matter. He believed that Mrs. Abadie agreed to represent Ms. Marrone because of her friendship with him. He stated he |Rdid not enter into a contract with Mrs. Abadie and he had no discussion with her regarding attorney’s fees. Mr. Bacino stated he was not a party to the litigation and that Ms. Marrone both hired and fired Mrs. Abadie. He stated he considered himself as an advisor to Mrs. Abadie, and that his name is listed in her work records because she asked him to do certain things to assist with the ease. He stated that he did not authorize the payment of attorney’s fees to Mrs. Abadie, and any checks written on his account to Mrs. Abadie were actually loans to his daughter.
At the close of evidence, the trial court found that plaintiff proved by a preponderance of the evidence that there was an agreement between the parties, tacit or otherwise. The court found that there was no dispute that the work was performed by plaintiff as billed and that defendants made payments on the account without objection. With regard to the loan relationship, the court found that this was a matter between the parties who assumed responsibility for payment. Thus, by judgment rendered on July 11, 2011, the court found defendants liable in solido for the balance due on the account, $10,038.83, as well as 25% in attorney’s fees.
On appeal, defendants concede that Toni Marrone entered into a valid contract for legal representation with Cecelia Abadie. However, they contend that any oral agreement with the Bacinos cannot be construed as a third party beneficiary arrangement as the beneficiary in this case, Toni Marrone, was a party to the primary contract. Rather, they contend that the agreement on their part was more in the nature of a suretyship or assumption of the obligation, both accessory contracts which are required to be in writing. As there is no written agreement between the *1223 Baeinos and Mrs. Abadie, defendants argue that the trial court erred in holding them liable in solido for the balance due on the account.
| fiSuits on open accounts are governed by La. R.S. 9:2781, and the statute includes debts incurred for legal services. For there to be an action on an open account, there must necessarily be a contract which gave rise to the debt. Vezina & Associates v. Gottula, 94-593, p. 7 (La. App. 5 Cir. 3/1/95), 652 So.2d 85, 89, unit denied, 95-0825 (La.5/5/95), 654 So.2d 332
A contract is formed by the consent of the parties established through offer and acceptance. La. C.C. art. 1927. La. C.C. art. 1939 provides that an offer may be accepted by performance:
When an offeror invites an offeree to accept by performance and, according to usage or the nature or the terms of the contract, it is contemplated that the performance will be completed if commenced, a contract is formed when the offeree begins the requested performance.
Further, a stipulation for a third party is provided for by La. C.C. art. 1978, and can support a finding of an enforceable, primary obligation under Louisiana law. However, when the obligation is one of a guarantee to pay the debt of another, the obligation is collateral and must be written. Parole evidence may not be considered as proof of the existence of the promise. La. C.C. arts. 1847 and 3038. Vezina & Associates v. Gottula, supra, 94-593, p. 8, 652 So.2d at 89.
Although defendants contend that the agreement in this case is in the nature of a guaranty or assumption, our review of the evidence in the record fails to support this argument. The evidence does not indicate that the Baeinos agreed to pay for Mrs. Abadie’s legal services only if Toni Marrone could not or was unable to pay. Rather, the evidence supports a finding that it was established that Toni Marrone was unable to pay for the legal services, and that her parents agreed to pay the services for her benefit. We find that this agreement is in the nature of a |7third-party beneficiary contract, which is not required to be in writing. We also find that this agreement was separate from any contract executed directly between Ms. Marrone and Mrs. Abadie, and for this reason, we fail to find that Ms. Marrone was a party to the third party beneficiary contract.
This Court has previously found similar oral agreements of representation to be valid and enforceable contracts. In Vezina & Associates v. Gottula, supra, this Court upheld the validity of a contract, finding in similar factual circumstances that the defendant/father agreed to be primarily liable for the payment of the professional legal fees incurred for services rendered to his daughter. Further, in Spiegel v. Martinez, 09-90 (La.App. 5 Cir. 10/13/09), 27 So.3d 889, this Court reversed a trial court judgment which dismissed a cause of action based on a similar arrangement for the payment of attorney’s fees where there was no written suretyship agreement. In that case, we held that where the parents paid the legal fees incurred by their daughter, the relationship could be construed as a third party beneficiary contract which was not required to be in writing. Id., 09-90, p. 6, 27 So.3d at 892.
Defendants attempt to distinguish the facts of cited cases from those in the present case where the Baeinos’ daughter met directly with the attorney, unlike the parties in Vezina and Spiegel. Defendants argue that because Toni Marrone was the party contracting with the attorney and *1224 the primary obligor, she alone was responsible for the legal fees incurred.
However, the record fails to support this argument. Mrs. Abadie testified that during the initial meeting with Ms. Marrone, Ms. Marrone told her directly that she was unable to pay for the legal services she was requesting, but that her parents agreed to help her. Mrs. Abadie also stated that she spoke to the Bacinos one week after the initial meeting, and that they agreed to the terms of | ^representation set forth by Mrs. Abadie. Mrs. Abadie’s version of the events are buttressed by the fact that the Bacinos remitted payment from their personal account payable to her for legal services rendered to Ms. Mar-rone. Although defendants contend that these checks represented loans to Ms. Marrone as the primary obligor under the contract, we fail to find that the payments made directly to Mrs. Abadie can be construed as a loan to Ms. Marrone. Further, whether Ms. Marrone subsequently repaid her parents for the debt incurred is insignificant to a determination of whether the Bacinos are liable to Mrs. Abadie for the amount due under the contract.
The trial court in this case heard all of the testimony and found Mrs. Abadie’s testimony regarding the circumstances of the representation to be credible. Our review of the record, including the exhibits submitted by plaintiffs, convinces us that this factual determination was a reasonable one and should be upheld. We find that the trial court correctly found the existence of a valid contract whereby the Bacinos agreed both verbally and by performance to pay the legal services rendered for the benefit of their daughter. Further, we find that plaintiff met the requirements of proof on a suit on open account, and it is clear from the work journal, time sheets and detailed billing records contained in the record that plaintiff performed the work as required.
Accordingly, for the reasons assigned herein, we affirm the trial court’s judgment rendered in favor of Cecelia Abadie and against Wayne Bacino, Kay Bacino, and Toni Bacino Morrone, in solido, in the amount of $10,038.88. Defendants shall bear all costs of this appeal.

AFFIRMED

. The name is spelled "Marrone” in the record but "Maronne” in the briefs.

. The parties do not dispute that Mrs. Abadie received a total of $7,500.00 from the Baci-nos, although the only check introduced into evidence at trial was the one dated October 18, 2007. Mrs. Abadie stated she deducted these payments from the account balance.